```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-6-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

   - against -

ARTHUR NIGRO,
FOTIOS GEAS, and
TY GEAS

              Defendants.
-------------------------------------------------------x

MEMORANDUM
AND ORDER

S5 09 Cr. 1239 (PKC)

P. KEVIN CASTEL, United States District Judge:

       Following an approximately three week trial, defendants Arthur Nigro, Fotios Geas and Ty Geas were each convicted of various counts under superseding indictment S5 09 Cr. 1239 (the "Indictment").  At the close of the Government's case-in-chief, each defendant moved for a judgment of acquittal under Rule 29, Fed. R. Crim. P., and I reserved decision on the motions.  Each defendant has now indicated that he will rest on his prior motions, objections and arguments in lieu of submitting further briefing or argument.

       Each defendant based his Rule 29 motion on the claim that the evidence was insufficient to establish his guilt on the charged counts.  A defendant challenging the sufficiency of the evidence to support his conviction under Rule 29 "bears a heavy burden." United States v. Abdulle, 564 F.3d 119, 125 (2d Cir. 2009) (internal quotation marks omitted).  A motion for judgment of acquittal "should be granted only if the district court concludes there is 'no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt,'" and the defendant shows that "no rational trier of fact could have found him guilty." United States v. Irving, 452 F.3d 110, 117 (2d Cir. 2006) (quoting United States v. Taylor, 464 F.2d 240, 243 (2d Cir. 1972)).

In evaluating a motion under Rule 29, the court must view the evidence "in the light most favorable to the government." Abdulle, 564 F.3d at 125 (internal quotation marks omitted). "The government need not negate every theory of innocence." United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000). Moreover, the court must "defer[ ] to the jury's evaluation of the credibility of the witnesses, its choices between permissible inferences, and its assessment of the weight of the evidence." United States v. Jones, 482 F.3d 60, 68 (2d Cir. 2006); see also United States v. Florez, 447 F.3d 145, 156 (2d Cir. 2006) ("We will not attempt to second-guess a jury's credibility determination on a sufficiency challenge."). Where "the court concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." Autuori, 212 F.3d at 114 (internal quotation marks omitted) (alteration in original).

All three defendants were convicted of Racketeering Conspiracy, Racketeering, Murder in Aid of Racketeering, and Extortion Conspiracy. Arthur Nigro and Fotios Geas were convicted of Interstate Travel in Aid of Racketeering. Fotios Geas and Ty Geas were also convicted of a second count of Murder in Aid of Racketeering. All three defendants were found not guilty of Murder for the Purpose of Obstructing Justice.

The evidence before the jury included the testimony of four cooperating witnesses who testified that they were members or associates of the Genovese Organized Crime Family. Each testified about one or more of the defendants' participation in the conspiracy or other charged crimes. The Government also presented tape recordings of the defendants' own statements, the testimony of an attempted murder victim, testimony from law enforcement officers, physical evidence, phone records, and surveillance photographs.

Having presided over the trial, being thoroughly familiar with the record and upon

review and consideration of the evidence, I conclude that the Government's proof was sufficient to sustain all of the convictions and there is no basis for relief. The motions of defendants Arthur Nigro, Fotios Geas and Ty Geas for a judgment of acquittal under Rule 29 are DENIED.

SO ORDERED.

                                          P. Kevin Castel
                                          United States District Judge

Dated:  New York, New York
        June 6, 2011